IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LEAH M. NICHOLLS<br>606 Acker Place, NE<br>Washington, DC 20002<br><br>　　　　　　　　　PLAINTIFF,<br><br>v.<br><br>UNITED STATES OFFICE OF PERSONNEL<br>MANAGEMENT<br>1900 E Street, NW<br>Washington, DC 20415-7900<br><br>　　　　　　　　　DEFENDANT. | **FILED**<br>SEP 13 2011<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>Case: 1:11-cv-01654<br>Assigned To : Boasberg, James E.<br>Assign. Date : 9/13/2011<br>Description: FOIA/Privacy Act |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.　　This action seeks an order compelling the United States Office of Personnel Management to produce records sought by Leah M. Nicholls under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## JURISDICTION

2.　　This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.　　Plaintiff Leah M. Nicholls is a senior staff attorney with the Institute for Public Representation, a public interest law firm and clinical education program at Georgetown University Law Center.

4.　　Defendant United States Office of Personnel Management (OPM) is an independent agency of the United States government responsible for managing the civil service. OPM is

charged, under 5 U.S.C. § 3328(b), with enforcing a ban on employment in Executive Branch agencies of men who have not registered under the Military Selective Service Act.

## STATEMENT OF FACTS

5. On April 22, 2011, Ms. Nicholls submitted a FOIA request to the OPM FOIA Requester Service Center via fax and email. The request sought all records in OPM's possession or control created since January 20, 2001, that (1) identify the number, approximate number, or categories of employees terminated from federal agency employment pursuant to 5 U.S.C. § 3328; (2) identify the number, approximate number, or categories of individuals who have been denied employment with federal agencies or have had offers of employment rescinded pursuant to 5 U.S.C. § 3328; or (3) relate to any formal or informal appeals made either to any individual agency or to OPM regarding the termination, denial of employment, or withdrawal of an employment offer pursuant to 5 U.S.C. § 3328. A copy of the request is attached and incorporated as if set out here in full.

6. On April 22, 2011, Ms. Nicholls received, via email, an automated message from OPM confirming that her request had been received.

7. On May 23, 2011, Ms. Nicholls called OPM's FOIA Requester Service Center and spoke with Ryan Witt, a FOIA officer at OPM. In that conversation, Mr. Witt acknowledged that OPM had received Ms. Nicholls's request and indicated that it would be helpful in formulating a response if Ms. Nicholls forwarded a copy of the request. Plaintiff emailed Mr. Witt a copy of the request immediately after this conversation.

8. On June 2, 2011, after receiving no response from OPM, Ms. Nicholls emailed Mr. Witt to follow up on the May 23, 2011, conversation and to determine when a response from OPM could be expected.

9.      On August 29, 2011, having received no response from OPM, Ms. Nicholls again emailed Mr. Witt to inquire when she could expect a response from OPM.

10.     On August 30, 2011, Mr. Witt called Ms. Nicholls to discuss the request. Mr. Witt indicated verbally that OPM had no responsive records. Mr. Witt did not indicate that the agency would deny the request.

11.     As of September 12, 2011, OPM has not responded in writing to Ms. Nicholls's request apart from the automatic confirmation of its receipt.

12.     Under 5 U.S.C. § 552(a)(6)(C), an individual making a FOIA request who has not received a response within 20 working days has exhausted his or her administrative remedies.

13.     More than 20 working days have passed since Ms. Nicholls submitted her FOIA request.

## CLAIM FOR RELIEF

14.     Plaintiff has a statutory right under FOIA to the records she seeks, and no legal basis exists for OPM's failure to disclose them.

For the reasons stated above, Plaintiff is entitled to the following relief:

   A. a declaration that OPM's failure to release the requested records to Plaintiff is unlawful;

   B. an order compelling OPM to release the records requested by Plaintiff;

   C. reasonable attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E); and

   D. all other appropriate relief.

Respectfully submitted,

*Brian Wolfman* ✓

Brian Wolfman
(D.C. Bar No. 427491)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
wolfmanb@law.georgetown.edu
(202) 661-6582

September 13, 2011